**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LAWRENCE M. MILTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:10-CV-538 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE FOR THE REGISTERED | § | |
| HOLDERS OF GSRPM 2004-1, | § | |
| MORTGAGE PASS-THROUGH | § | |
| CERTIFICATES and OCWEN LOAN | § | |
| SERVICING, LLC, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
### FIRST AMENDED MOTION FOR FINAL SUMMARY JUDGMENT

The following are pending before the court:

1.    Defendants' first amended motion for final summary judgment and brief in support (docket entry #26);

2.    Plaintiff's response and brief to Defendants' amended motion for summary judgment (docket entry #28);

3.    Defendants' reply in support of their first amended motion for final summary judgment (docket entry #29); and

4.    Plaintiff's sur-reply brief in opposition to Defendants' amended motion for summary judgment (docket entry #31).

Having considered the Defendants' motion for summary judgment and the subsequent briefing thereon,

the court is of the opinion that the Defendants' motion for summary judgment should be granted.

### OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

The parties objected to portions of one another's summary judgment evidence.  Having

considered the objections, the court notes that it will review the evidence provided in accordance with the appropriate summary judgment and evidentiary standards.

## **LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The substantive law identifies which facts are material. *See id*. at 248.

Both parties have a responsibility in the summary judgment process. *Celotex*, 477 U.S. at 323–24. First, the party seeking summary judgment must show that the admissible evidentiary material of record and any affidavits submitted by the nonmoving party are insufficient to permit the nonmoving party to carry its burden of proof. The nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his pleadings." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 248. "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Roach v. Allstate Indemnity Co.*, 2012 WL 1478745 (5th Cir. 2012), citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

## BACKGROUND AND ANALYSIS

This case arises out of a Note and Deed of Trust between the Plaintiff and Prime Lending, Inc. executed on January 19, 1999 in the amount of $295,000.00. U.S. Bank is the current holder of the Note and Deed of Trust. Defendant Ocwen is the attorney-in-fact and servicer-in-fact for U.S. Bank. Sometime during the summer of 2009, the Plaintiff defaulted on his payment obligations. Ocwen sent a Notice of Default to the Plaintiff which was dated July 4, 2009. Ocwen sent a Notice of Acceleration of Loan Maturity and Notice of Foreclosure Sale, dated September 4, 2009, to the Plaintiff via certified mail on September 4, 2009.

On or about September 30, 2009, the Plaintiff applied for a modification of his loan through the Making Homes Affordable Program. After making his loan modification application, the Plaintiff began discussions with Ocwen. Ocwen advised the Plaintiff that while his application was pending, the Plaintiff's home would not be foreclosed upon. Additionally, Ocwen advised the Plaintiff that it would take between 60 to 90 days to review and process the Plaintiff's application.

Thereafter, Ocwen sent a Notice of Reposting and Sale and Notice of Foreclosure Sale, dated October 8, 2009, to the Plaintiff via certified mail. The property was subsequently sold at a foreclosure sale on November 3, 2009. Ocwen claims that it mailed a letter, dated October 13, 2009, to the Plaintiff advising the Plaintiff that he was not eligible for a Home Affordable Modification through the Making Homes Affordable Program. The letter was apparently sent via regular mail. The Plaintiff alleges that he never received the letter dated October 13, 2009. The Plaintiff avers, however, that even as late as October 23, 2009, he received assurances from Ocwen that his modification application was still under review.

The Plaintiff initiated this lawsuit on November 23, 2009 in the 199th Judicial District Court

of Collin County, Texas against the Defendants. This case was subsequently removed to this court. The Plaintiff seeks damages based on promissory estoppel, fraud, negligence, gross negligence, negligent misrepresentation, breach of contract, and unreasonable collection efforts.[1]

### *Breach of Contract*

In order to establish a breach of contract claim, the Plaintiff must plead facts showing: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Oliphant Fin., LLC v. Patton*, No. 05-17-01731, 2010 WL 936688, at *3 (Tex. App.—Dallas Mar. 17, 2010, pet. filed). Further, in order to properly plead a claim based on breach of the Note and Deed of Trust, the Plaintiff must point to a specific provision in the contract that was breached by the Defendants. *Coleman v. Bank of American, N.A.*, No. 3:11-cv-0430, 2011 WL 2516169, at *1 (N.D. Tex. Mar. 27, 2011) (citing *Case Corp. Inc. v. Hi-Class Bus. Sys. of Am.*, 184 S.W.3d 760, 769–70 (Tex. App.—Dallas 2005, pet. denied)).

Here, the Plaintiff alleges that the Defendants breached paragraphs 18 and 21 of the Deed of Trust (Borrower's Right to Reinstate and Acceleration/Remedies). The Plaintiff argues that the Defendants misled him which prevented him from reinstating the note by bringing it current or paying the note in its entirety prior to foreclosure. The Plaintiff further contends that the Defendants' representations that foreclosure would not occur until after his modification application was reviewed created confusion. Finally, because the Defendants represented that foreclosure would not occur until after the application was reviewed, the Plaintiff argues that the Defendants' representations resulted in the withdrawal of the notice of foreclosure and, as such, the Defendants should have sent a second

---

[1]The Plaintiff did not adequately brief his claims of promissory estoppel and unreasonable collection efforts. The court, therefore, need not address these claims.

-4-

notice of foreclosure.

The Defendants argue that the Plaintiff's breach of contract claim is barred by the statute of frauds. Any contract modifying the underlying Note and Deed of Trust was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2), (b) (West 2009) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law). Therefore, any modification of the underlying loan agreement must have been in writing. Because the alleged loan modification here was oral (delaying the foreclosure), it was unenforceable unless and until reduced to writing. Section 26.02(a)(2) clearly states that a "loan agreement" includes a promise whereby the financial institution "agrees to . . . delay repayment of money . . . or make a financial accommodation." Delaying foreclosure would constitute "a financial accommodation" along with delaying repayment.

The Plaintiff contends that because the original loan agreement does not contain a merger clause, the statute of frauds is inapplicable to the alleged oral agreement to delay repayment of the loan. Section 26.02(e) of the Texas Business and Commerce Code "requires that written loan agreements involving more than $50,000 contain a 'merger' clause." *Maginn v. Norwest Mortgage, Inc.*, 919 S.W.2d 164, 168 (Tex. App. – Austin 1996); *see* TEX. BUS. & COM. CODE ANN. § 26.02(e). "If the written loan agreement has no merger clause, then § 26.02 'does not apply to the loan agreement, but the validity and enforceability of the loan agreement and the rights and obligations of the parties are not impaired or affected.'" *Id.*, quoting TEX. BUS. & COM. CODE ANN. § 26.02(f). The penalty for failing to comply with § 26.02(e) is to permit the written contract to be controverted by parol evidence. *Id.* The alleged agreement to delay foreclosure and delay repayment of the loan, however, is still subject

to the statute of frauds.  *Id.*

The court notes that the Plaintiff cited no authority for his proposition that the Defendants were required to reissue a foreclosure notice once the modification application was denied.  The summary judgment evidence shows that the Defendants proceeded with foreclosure proceedings after the Plaintiff's application was denied.  Although there is summary judgment evidence that the Plaintiff did not receive notice of the denial of his modification application, this issue misses the point.  The crux of the Plaintiff's argument is that the Defendants agreed to delay foreclosure.  An agreement to delay foreclosure falls under § 26.02(b).  *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-cv-370, 2010 WL 1026968, at *5 (E.D. Tex. Feb. 16, 2010).  As such, any agreement to delay foreclosure must be in writing in order to be enforceable.  Since there was no written agreement to delay foreclosure, the court finds that the Plaintiff's breach of contract claim is barred by the statute of frauds.

### *Tort Claims*

The Plaintiff argues the following with respect to his tort claims:

> Plaintiff does not claim that Defendants made an oral modification to the original Note or Deed of Trust or even promised that they would make such a modification.  Plaintiff's claims are based on oral representations concerning the timing of foreclosure while a modification application was pending, oral representations concerning how the results would be communicated after the determination on the modification application, and the failure to provide notification that the foreclosure was going to take place after being told that it was not going to take place.  These are tort actions involving negligent misrepresentation, negligence, gross negligence, and fraud as well as a contract action on the original deed of trust if the representations had the effect of cancelling out the prior notices of foreclosure and thus requiring new notices.

PL. RESPONSE TO DEF. MTN. FOR SUMMARY JUDGMENT, pp. 12-13.  The Plaintiff's entire argument centers on whether the Defendants had a duty to reissue a notice of foreclosure once the Plaintiff's modification application was denied.  The Plaintiff cites no authority for this proposition.  Since the

Plaintiff failed to adequately brief his tort claims, the court need not address the same.

## CONCLUSION

Based on the foregoing, the court finds that the Defendants' first amended motion for final summary judgment and brief in support (docket entry #26) is hereby **GRANTED**.

IT IS SO ORDERED.

**SIGNED this the 31st day of May, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE